IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



**UNITED STATES OF AMERICA**

v.                                                                                              Criminal No. **3:01CR304**

**MARCUS JOHNSON,**

    Petitioner.

## MEMORANDUM OPINION

Marcus Johnson, a federal inmate, filed this *pro se* motion pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion," ECF No. 623). The Government has filed a Motion to Dismiss, asserting that Johnson's § 2255 Motion is untimely filed. (ECF No. 645.) Johnson has filed a Response. (ECF No. 647.) The Court subsequently appointed counsel to represent Johnson. (ECF No. 648, at 1.) After reviewing the record, counsel has submitted a Motion to Withdraw because he "cannot identify any non-frivolous arguments to make on [Johnson's] behalf with respect to his pending *pro se* § 2255 motion." (ECF No. 655, at 2.) For the reasons set forth below, the Motion to Dismiss will be GRANTED, and Johnson's § 2255 Motion will be DISMISSED as barred by the statute of limitations. Counsel's Motion to Withdraw will be GRANTED.

### I. Procedural History

On November 20, 2001, a grand jury charged Johnson with one count of violating the Racketeering Influenced and Corrupt Organizations Act, in violation of 18 U.S.C. § 1962(c) (Count One), and one count of conspiracy to distribute fifty grams or more of a mixture and substance which contained a detectable amount of cocaine base, in violation of 21 U.S.C. § 846 (Count Two). (Superseding Indictment 1–22, ECF No. 67.) Counts One and Two referenced criminal activity that occurred from 1992 until 2001. (*See, e.g.*, Superseding Indictment at 5–6,

21–22; Pre-Sentence Investigation Report ("PSR") ¶ 22.) During the majority of this time, Johnson was a juvenile. (*See* PSR ¶ 76.)

On May 8, 2002, a jury found Johnson guilty of Counts One and Two. (ECF No. 231, at 1–5.) On September 5, 2002, the Court entered judgment against Johnson and sentenced him to life imprisonment on both counts, to run concurrently. (J. 2, ECF No. 312.) On September 16, 2002, the Court entered an Amended Judgment reflecting that Johnson's sentence would run consecutively to his undischarged state sentence. (Am. J. 2, ECF No. 318.) Johnson appealed, arguing that "out-of-court statements made by various [Fulton Hill Hustlers] should have been excluded as hearsay." *United States v. Irving*, 66 F. App'x 480, 482 (4th Cir. 2003).[1] On June 3, 2003, the United States Court of Appeals for the Fourth Circuit affirmed Johnson's convictions and sentence. *Id.* at 483.

On March 9, 2016, Johnson placed the present § 2255 Motion in the prison mail system for mailing to this Court. (§ 2255 Mot. 12.)[2] The Court deems the § 2255 Motion filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). In his § 2255 Motion, Johnson raises the following claim for relief:

> Claim One: "Petitioner's sentence was in violation of the Eighth Amendment for life without parole for juvenile offenders, under *Miller v. Alabama*, [567 U.S. 460 (2012) and] *Montgomery v. Louisiana*, [136 S. Ct. 718 (2016)]." (§ 2255 Mot. 4.)

---

[1] The Fulton Hill Hustlers was the name of the gang to which Johnson belonged. *Irving*, 66 F. App'x at 481.

[2] The Court utilizes the pagination assigned to Johnson's submissions by the CM/ECF docketing system. The Court corrects the punctuation and capitalization in quotations from Johnson's submissions.

2

## II. Analysis

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### A. 28 U.S.C. § 2255(f)(1)

Because Johnson filed a direct appeal, under 28 U.S.C. § 2255(f)(1), his conviction became final on Monday, September 1, 2003, the last date to file a petition for certiorari in the Supreme Court. *See United States v. Sosa*, 364 F.3d 507, 509 (4th Cir. 2004); Sup. Ct. R 13(1) (requiring that a petition for certiorari be filed within ninety days after entry of judgment). Thus, Johnson had until Wednesday, September 1, 2004 to file any motion under 28 U.S.C. § 2255. Because Johnson did not file his § 2255 Motion until March 9, 2016, the motion is untimely pursuant to 28 U.S.C. § 2255(f)(1).

3

B. **Belated Commencement**

Johnson contends that his § 2255 Motion is timely under 28 U.S.C. § 2255(f)(3) because it was filed within one year of the Supreme Court's decision in *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), in which the Court determined that *Miller v. Alabama*, 567 U.S. 460 (2012), applies retroactively. (§ 2255 Mot. 10.)

In order to obtain a belated commencement of the limitation period under § 2255(f)(3), a petitioner "must show: (1) that the Supreme Court recognized a new right; (2) that the right 'has been . . . made retroactively applicable to cases on collateral review'; and (3) that he filed his motion within one year of the date on which the Supreme Court recognized the right." *United States v. Mathur*, 685 F.3d 396, 398 (4th Cir. 2012). If the Supreme Court "decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from this Court's decision within which to file his § 2255 motion." *Dodd v. United States*, 545 U.S. 353, 358–59 (2005). Under that provision, "[t]he meaning of 'right asserted' in 28 U.S.C. § 2255[(f)](3) is the substantive right that forms the basis for the § 2255 motion." *Outler v. United States*, 485 F.3d 1273, 1280 (11th Cir. 2007). Thus, the "§ 2255(f)(3) limitation period runs from the date on which the Supreme Court *recognizes the new right*, not the date on which the new right was "made retroactive[]." *Mathur*, 685 F.3d at 398 (citing *Dodd*, 545 U.S. at 357–58).

Johnson is correct that the *Miller* Court recognized a new right that is retroactively applicable to cases on collateral review. In *Miller*, the Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" 567 U.S. at 465. In

4

*Montgomery*, the Supreme Court held "that *Miller* announced a substantive rule of constitutional law" that is retroactively applicable to cases on collateral review. 136 S. Ct. at 736.

However, Johnson is incorrect that his § 2255 Motion is timely under § 2255(f)(3) because it was filed within one year of the Court's decision in *Montgomery*. The Court's decision in *Miller*, not its decision in *Montgomery*, recognized the right upon which Johnson's § 2255 Motion relies. *Dodd*, 545 U.S. at 358–59; *Mathur*, 685 F.3d at 398 (citation omitted). Thus, for Johnson's § 2255 Motion to be timely under § 2255(f)(3), Johnson needed to file it within one year of June 25, 2012, the date that the Supreme Court decided *Miller*. *See Dodd*, 545 U.S. at 358–59; *Malvo v. Mathena*, No. PJM 13–1863, 2017 WL 1326530, at *5 (D. Md. Apr. 11, 2017) (citations omitted) (concluding that under 28 U.S.C. § 2244(d)(1)(C), "the timeliness of [state inmate's § 2254] petition marks from June 25, 2012, when the Supreme Court decided *Miller*, i.e. when it initially recognized the Eighth Amendment violation, rather than from the date of its later declaration of retroactivity in *Montgomery*"); *Young v. Biter*, No. CV 16–00520 JLS (RAO), 2016 WL 4770027, at *1 (C.D. Cal. Sept. 12, 2016) (concluding same). Johnson, however, did not file his § 2255 Motion until March 9, 2016. Accordingly, Johnson cannot rely upon § 2255(f)(3) to render his § 2255 Motion timely filed. Johnson has failed to demonstrate any basis for excusing his failure to comply with the statute of limitations.[3]

### III. Outstanding Motions

By Memorandum Order entered on December 2, 2016, the Court granted Johnson's motion seeking the appointment of counsel. (ECF No. 648, at 1.) The Court directed that "[w]ithin forty (40) days of the date of entry hereof, appointed counsel shall file any amended

---

[3] Neither Johnson nor the record suggest a basis for a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(2) & (4), or for equitable tolling.

5

§ 2255 Motion that includes all claims Petitioner wishes to raise by way of § 2255." (*Id.*) The Office of the Federal Public Defender ("FPD") subsequently appeared to represent Johnson.

On February 8, 2017, the FPD filed a Motion to Withdraw as Counsel. (ECF No. 655.) Counsel states:

> After a thorough review of Mr. Johnson's case, counsel cannot identify any non-frivolous arguments to make on his behalf with respect to his pending *pro se* § 2255 motion. . . . Having thoroughly examined the record in the instant case, counsel submits to the Court that nothing in the record can arguably support Mr. Johnson's request for relief. Therefore, counsel submits no further briefing.

(*Id.* at 2.) As discussed above, Johnson's § 2255 Motion is barred by the statute of limitations. Accordingly, for good cause shown, the Motion to Withdraw as Counsel (ECF No. 655) will be GRANTED.

On March 7, 2017, the Court received a letter from Johnson, which the Court construes as a Motion to Appoint New Counsel. (ECF No. 657.) Johnson represents that "[his] case is very complex" and that Mr. Shelton never reviewed his case. (*Id.* at 1.) However, there is generally no right to counsel in a non-capital habeas proceeding. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (observing there is no general constitutional right to appointment of counsel to develop and pursue post-conviction relief). "In most federal courts, it is the practice to appoint counsel in post-conviction proceedings *only after* a petition for post-conviction relief passes initial judicial evaluation *and* the court has determined that issues are presented calling for an evidentiary hearing." *Johnson v. Avery*, 393 U.S. 483, 487 (1969) (emphasis added) (citations omitted). However, the Court has concluded that Johnson's § 2255 Motion is barred by the limitation period. Accordingly, Johnson's Motion to Appoint New Counsel (ECF No. 657) will be DENIED.

6

## IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss (ECF No. 645) will be GRANTED. Johnson's § 2255 Motion (ECF No. 623) will be DENIED. The Motion to Withdraw as Counsel (ECF No. 655) will be GRANTED. Johnson's Motion to Appoint New Counsel (ECF No. 657) will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.[4]

An appropriate Order will accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Date: JUN 19 2017
Richmond, Virginia

---

[4] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Johnson has not satisfied this standard.

7